**In re EDEN.**

No. 65-15.

Florida Industrial Commission.
Unemployment Compensation Board of Review.

February 23, 1965.

Patrick A. Mears and W. W. Stalvey, both of Tallahassee, for the commission.

Florida Unemployment Compensation Board of Review — J. D. WRIGHT, Jr., Chairman, WALTER L. LIGHTSEY, Member, FRANK M. NELSON, Jr., Member.

This cause came on for final administrative disposition by the board of review at Tallahassee on February 17, 1965, on the employer's appeal as of right, and was reviewed upon the record.

*Nature of previous decision*: The appeals referee reversed a determination by the claims examiner which disqualified claimant for benefits because discharged by the employer for misconduct connected with work.

*Findings of fact*: The claimant is a thirty-five year old woman. She was employed by a dry cleaning company at Tampa as a cashier and checker from July 15, 1964, to October 12, 1964, when she was separated under the following conditions —

Claimant had been late for work on numerous mornings and the employer suggested that claimant change her hours with another employee. Claimant resented the suggestion and over the week-end she called the plant and talked to other employees by telephone about working conditions in the plant. On Monday, October 12, 1964, the claimant did not report for work at her usual time. Claimant's husband called the plant to report that his wife was sick, but he did not reach the employer. The claimant called the plant several times during that day and the following day but refused to speak with the owner because she was still angry about the change of hours suggested by him. When claimant did not show up for work on Tuesday, the employer assumed she had abandoned her job and he hired a replacement.

There is no showing in the record that claimant was ill as she claimed.

Claimant was discharged by the employer for misconduct connected with work.

*Reasons for decision*: The Florida Unemployment Compensation Law provides that an individual shall be disqualified for benefits if the commission finds that he was discharged by the employer for misconduct connected with work. "Misconduct connected with work," as the term is used in this law, has been defined as a deliberate act of omission by the worker which constitutes a material breach of his duties and obligations arising out of a contract of employment, or an act or course of conduct in violation of the worker's duties which is tantamount to an intentional disregard of the employer's interests.

The record and evidence in this case clearly show that claimant became angry with the employer because he suggested a change in her hours to eliminate her tardiness in the mornings. The record further shows that claimant resented the employer's suggestion and did not show up for work on the following Monday and Tuesday. The record does not show that claimant was actually sick, if she was. There is no medical evidence in the record that claimant was ill. When claimant failed to show up for work on Tuesday, October 13, 1964, the employer discharged her for absenteeism.

We must conclude that claimant's act was in violation of the worker's duty which is tantamout to an intentional disregard of the employer's interests, and that she was discharged for misconduct connected with work.

*Decision*: The decision of the appeals referee is reversed, and the claims examiner's determination is reinstated and affirmed.